ORIGINAL



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 23 2010
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDUARDO HERRERA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:10-CV-380-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Eduardo Herrera, TDCJ # 1552527, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Henderson, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

On January 20, 2009, pursuant to a plea bargain agreement, Herrera entered a plea of guilty to delivery of a controlled substance and a plea of true to one enhancement paragraph (the state waived a second enhancement paragraph) in Parker County, Texas, in exchange for a 20-year sentence. (State Habeas R. at 52)[1] Herrera did not directly appeal his conviction or sentence; thus, under state law, the conviction became final on February 19, 2009, 30 days after the judgment of conviction was entered. *See* TEX. R. APP. P. 26.2(a)(1). On January 20, 2010, Herrera filed an application for writ of habeas corpus in state court, but, on March 17, 2010, the Texas Court of Criminal Appeals denied the application without written order. (State Habeas R. at cover) Herrera filed this federal petition for writ of habeas corpus on April 7, 2010.[2]

## D. ISSUES

Herrera presents six grounds, wherein he alleges:

(1) No evidence;
(2) Wrong person charged and convicted of offense;
(3) False imprisonment;
(4) Involuntary plea of guilty due to coercion and duress;
(5) Illegal sentence; and
(6) No indictment or invalid indictment.

(Pet's SOF at 7-10)[3]

---

[1]"State Habeas R." refers to the state court record in *Ex parte Herrera,* Application No. WR-47,543-03.

[2]A pro se habeas petition is deemed filed when the petition and any attachments are delivered to prison authorities for mailing. *See Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998).

[3]"SOF" refers to petitioner's "Statement of Facts" attached to his petition.

## E. STATUTE OF LIMITATIONS

As a preliminary matter, Thaler argues that Herrera's petition should be dismissed with prejudice because the petition is time-barred. (Resp't Answer at 3-8) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. The provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year

3

limitations period began to run upon expiration of the time that Herrera had for filing a timely notice of appeal on February 19, 2009, and closed one year later on February 19, 2010, absent any applicable tolling.[4] *See Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Herrera is entitled to statutory tolling under § 2244(d)(2) for 56 days during the pendency of his state habeas application, making his federal petition due on or before April 16, 2010. Thus, Herrera's petition, filed on April 7, 2010, is timely.

## F. Rule 5 Statement

Thaler believes Herrera has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1)(A) and the petition is not subject to the successive-petition bar. (Resp't at 3)

## G. Discussion

### Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to

---

[4]Thaler argues the trial court's judgment became final for purposes of subsection (A) on January 20, 2009, the date the judgment was entered, because Herrera voluntarily waived his right to appeal, among other rights, as part of the plea bargain agreement and/or because Herrera never invoked the jurisdiction of the appellate court. (Resp't Answer at 6-7) However, Thaler points to no Fifth Circuit cases, which commenced the limitations period at the time of conviction when the right to appeal was waived or not exercised. Further, under these circumstances, this court has held the limitations period starts after expiration of the statutory appeal time. *See, e.g., Livingston v. Quarterman*, No. 4:09-CV-210-A, 2009 WL 2581706, at *2 n.1 (N.D. Tex. Aug. 19, 2009); *Smith v. Quarterman*, No. 4:08-CV-471-Y, 2008 WL 5062161, at *2 n.1 (N.D. Tex. Nov. 26, 2008).

clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption applies to all findings, express and implied. *See Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### Guilty Pleas

A guilty plea must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). Thus, before a trial court may accept a guilty plea, the court must ensure that the defendant is advised of the consequences of his plea and the various constitutional rights that he is waiving by entering such a plea. *Boykin v. Alabama*, 395 U.S. 238,

5

243 (1969). If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). When reviewing a record, a court must give a signed, unambiguous plea agreement great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). A defendant's solemn declarations in open court are presumed true, and a defendant generally may not recant sworn testimony made at a plea proceeding. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

By entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects, including claims relating to deprivation of constitutional rights, that antedate the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Boykin*, 395 U.S. at 243; *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991). Because Herrera's guilty plea was knowingly, intelligently and voluntarily made, *see infra*, his claims which do not involve the voluntariness of the plea, are waived.

### Issue (1): No Evidence
### and
### Issue (2): Wrong Person Charged and Convicted of Offense

Herrera claims there was no evidence to support a finding of guilt because there was no illegal substance found on his person, the state obtained no arrest warrant, and there were no "drug lab report," police statements or police report introduced by the state. (Pet. at 7; Pet'r SOF at 5)

The state responded to this claim as follows:

> In the plea packet document signed and sworn to by [Herrera] and his attorney, he not only entered a written stipulation that all of [the] allegations contained in the present indictment are true and correct, but he also judicially confessed to committing the offense as alleged. Either is alone sufficient evidence to sustain his conviction for the present underlying offense.
>
> In the plea document entitled, "Written Plea Admonishments, Waiver of Rights, and Judicial Confession of Defendant, Joined by Attorney for Defendant," sworn to before the Parker County District Clerk prior to his plea hearing in this Court, [Herrera] waived the appearance of and confrontation and cross-examination as to both guilt/innocence and punishment, and consented to an oral stipulation of the evidence and testimony and to the introduction of testimony by affidavits, written statements of the witnesses, and any other documentary evidence, in addition to stipulating that he is the identical person named in the indictment in this cause and that all of the allegations contained within the said indictment are true and correct.
>
> [Herrera] then requested that this Court consider this document as evidence supporting his plea in this cause. Also in this document this Court related the following: "the said wavier, judicial confession, and same shall be and is hereby considered as evidence in this cause."
>
> Similar judicial confessions have also alone been held sufficient under Article 1.15 to support a defendant's conviction. Therefore, [Herrera]'s judicial confession was alone sufficient to support his conviction for the present offense.

(State Habeas R. at 30-31 (citations omitted))

Herrera also claims it was physically impossible that he committed the offense because at the time of the offense on September 11, 2007, he was detained in the Parker County jail on a parole hold. (Pet. at 7; Pet'r SOF at 6)

The state responded that this claim misrepresented the facts because:

> [A]ccording to the offense report[,] [Herrera] was arrested on a "blue warrant" after he and four co-defendants were stopped and arrested for conspiring to deliver over four grams of methamphetamine to an undercover narcotics investigator on the date alleged in the indictment. In fact, [Herrera] then provided a videotaped statement to police wherein he confessed to his involvement in this scheme which gave rise to the present prosecution.

7

> Therefore, although [Herrera]'s document entitled "notice of arrest," which is attached to his present application, reveals his date of arrest as being the same as the alleged offense date, the events giving rise to his present prosecution all preceded his arrest on this parole revocation warrant. Consequently, [Herrera]'s factual claims to the contrary are simply incorrect and should not be considered"

(State Habeas R. at 32)

On federal habeas review, these claims fail for two reasons. First, as noted by the state, Herrera waived, in writing, the requirement that the state introduce evidence showing his guilt, signed a judicial confession admitting that he committed the offense as alleged in the indictment and that any enhancement paragraphs in the indictment were true, and affirmed the confession under oath in open court. *See Blackledge*, 431 U.S. at 74; *Kelly v. Alabama*, 636 F.2d 1082, 1083 (5th Cir. 1981). Under Texas law, a judicial confession standing alone is sufficient to sustain a conviction following a valid guilty plea. *Dinnery v. Texas*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh'g).

Second, even if not waived, state courts are under no constitutional duty to establish a factual basis for a guilty plea prior to its acceptance, unless the judge has specific notice that such an inquiry is needed. *See Hobbs v. Blackburn*, 752 F.2d 1079, 1082 (5th Cir. 1985). "No federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea." *Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir. 1983). The *Jackson v. Virginia*, 443 U.S. 307 (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a valid guilty plea. *See Kelley*, 636 F.2d at 1083-84.

### Issue (3): False Imprisonment

Herrera claims he was falsely imprisoned by the state after his arrest on September 11, 2007, because he was arrested for a parole violation only, and it was not until seventeen months later, while still incarcerated, that he was charged, convicted and sentenced to twenty years for a fictitious offense that he did not and could not have committed while incarcerated. Herrera also claims the charge was the result of malicious and vindictive prosecution by the state because he decided to defend himself at trial on another felony charge. (Pet'r SOF at 7) These claims are refuted by the record and/or wholly conclusory and thus have no probative evidentiary value on federal habeas review. *See Ross*, 694 F.2d at 1011.

### Issue (4): Involuntary Plea of Guilty Due to Coercion and Duress

Herrera claims he entered his plea of guilty out of coercion and duress because–

> [T]he district attorney's office threatened to convict him on another offense of conspiracy and organized crime which he was also innocent. On the day of the trial was to have taken place, the applicant accepted the state's charge of delivery rather than face the state's threat of losing in trial on another charge. Had the state not presented such threats to applicant he would not have plead [sic] guilty to delivery of a controlled substance. Additionally, applicant's attorney guided him into taking [the] plea when attorney was not willing to investigate charges.

(Pet'r SOF at 8)

The state responded to Herrera's allegation as follows:

> The judgment in this case states that [Herrera] was admonished by the Court of the consequences of his plea of guilty, that he and the State had agreed on the proper punishment, and that [Herrera] was uninfluenced in making said plea by any consideration of fear, or by any persuasion or delusive hope of pardon prompting him to plead guilty. This recital gives rise to a presumption of truthfulness, and [Herrera] bears the burden of affirmatively showing otherwise. [Herrera] has not carried this burden.

9

The documents in the plea packet, which were signed by [Herrera], state that [Herrera] understood all the admonishments from the Court, including the range of punishment, and that his plea is freely and voluntarily entered. This evidence in the plea packet demonstrates that [Herrera] was properly admonished under Article 26.13 [of the Texas Code of Criminal Procedure].... When the record shows that the trial court properly admonished a defendant, as it does here, it presents a prima facie showing that the guilty plea was knowing and voluntary, and the burden shifts to the defendant to establish that he did not understand the consequences of his plea. With the recitals contained in the judgment and the admonishments contained in the plea packet, it is obvious that [Herrera]'s plea was freely, knowingly, and voluntarily entered.

[Herrera]'s only assertion that his plea was involuntarily entered is that he entered his plea due to threats by the State to convict him on other charges. [Herrera] also alleges that he decided to enter his plea "...rather than face the State's threat of losing in trial on another charge." The State disagrees.

The State first asserts that [Herrera] has failed to carry his burden to allege and prove facts that if true would entitle him to relief. This is true for two reasons: first, [Herrera] has merely included in this application his word. This is alone insufficient to entitle him to relief. Secondly, even if the facts alleged by [Herrera] are completely accurate, such would not be sufficient to entitle him to relief.

This is true because the fact that [Herrera] entered a plea of guilty in hope of escaping the possibility of a higher sentence does not invalidate his plea. "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative course of action open to the defendant. That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage."

The State had previously amended the original indictment by order of this court on April 3, 2008, to include two properly sequenced enhancement allegations which had the effect of increasing the range of punishment faced by [Herrera] to that of a habitual offender.

Furthermore, the State did have other charges which it could have pursued against [Herrera], but it decided to not pursue those and both of its enhancement allegations in return for [Herrera] accepting the present plea agreement, which he did for a twenty year sentence which was five years less than the minimum sentence

> [Herrera] faced had he decided to proceed to a jury trial on either of the courts in the amended indictment.

(State Habeas R. at 35-37 (citations omitted))

Indeed, a guilty plea that represents a voluntary and intelligent choice among the alternatives available to a defendant to avoid a possible longer sentence is not coerced. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Boykin*, 395 U.S. at 242. Moreover, Herrera offers nothing more than his unsubstantiated allegations that his plea was rendered involuntary due to coercion or any improper inducement, and the record does not sufficiently demonstrate that Herrera's guilty plea was induced by coercion on the part of the prosecution, his trial counsel or others. Although there is no reporter's record of the plea proceedings, as noted by the state, the documentary record reflects that Herrera entered his guilty plea in open court and was advised by counsel and the trial court of his rights, waivers, and the full range of punishment. (State Habeas R. at 47-51) Herrera executed the written plea admonishments in which he acknowledged that he was aware of the consequences of his plea and that his plea was made "freely, knowingly and voluntarily," and he judicially confessed to committing the offense as charged in the indictment (State Habeas R. at 49-50) *See Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981). Herrera's claim of coercion after the fact, in and of itself, is insufficient to rebut the presumption that his plea was voluntarily made and the presumption of regularity of the state court records. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp.2d 604, 607 (S.D.Tex. 1999) (same).

### *Issue (5): Illegal Sentence*

Herrera claims because there was no evidence that he committed the offense, his sentence is illegal. (Pet'r SOF at 9) This claim necessarily fails for the reasons noted above under subsections (1) and (2).

### *Issue (6): No Indictment or Invalid Indictment*

Herrera claims he was prosecuted under a defective indictment or no indictment. (Pet'r SOF at 10) The record reflects, on March 27, 2008, Herrera was originally charged in a one count indictment only on the conspiracy charge. (State Habeas R. at 41) On April 3, 2008, the trial court granted the state's motion to amend the indictment to include two punishment enhancement allegations, and, on January 16, 2009, the court granted the state's motion to amend the indictment to include count two alleging Herrera had committed the lesser offense of delivery of a controlled substance on the relevant date. (*Id.* at 42)

The state responded to this claim as follows:

> [Herrera] asserts that his present conviction is invalid because he was never indicted for the present offense, namely, delivery of a controlled substance. [Herrera] also implies in this ground that the present indictment was "defective" because it originally did not include the present delivery charge; rather, it alleged only an engaging in organized criminal activity charge of conspiring to deliver a controlled substance.
>
> This second contention can be easily and quickly dispensed with because [Herrera] does not demonstrate or even allege that he ever objected to any of these alleged defects in the present indictment prior to his trial. The significance of this lies in the fact that if a defendant does not object to an alleged defect in an indictment prior to the day upon which the trial on said indictment commences, then he has forever waived his ability to do so, even in the present habeas corpus context. Furthermore, the State has been unable to locate in its file or in that of this Court where [Herrera] ever objected to the present indictment or the amendment of said

indictment to include the present charge on January 16, 2009, on any grounds, much less for this reason.

Because [Herrera] never objected to the present indictment before his plea hearing, he cannot do so now. Therefore, due to this claim's lack of cognizability, it should be denied for this reason alone.

Now turning to the first claim [Herrera] makes in his sixth ground for relief, namely, that he was never indicted for the present offense, the State submits that it has already been observed that this claim is also factually inaccurate. The present indictment was amended on January 16, 2009, by order of this Court to add as count two the present delivery of a controlled substance offense to which [Herrera] was ultimately convicted. There is no indication in the Court's file that [Herrera] ever objected to this proper amendment. Therefore, [Herrera]'s claim that he was never appropriately charged for the present offense is simply wrong. He was properly charged, did not object to this amendment, and knowingly pled to the amended indictment. Consequently, this ground of relief should be denied due to its lack of evidentiary support in the record.

(State Habeas R. at 33 (citations omitted))

On federal habeas review, this claim was waived by Bowie's valid guilty plea. *See Brown v. Jernigan*, 622 F.2d 914, 916 (5th Cir. 1980)

In conclusion, the state courts' denial of Herrera's claims is not contrary to or involve an unreasonable application of federal law and is entitled to deference and the presumption of correctness.

## II. RECOMMENDATION

Herrera's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 14, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 14, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September __23__, 2010.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE